BYRON H. BIRD, RESPONDENT, v. EMILY A. CRANE, APPELLANT.

*Action by a non-resident plaintiff in a Justices' Court — it may be brought anywhere in the county of the defendant's residence — Code of Civil Procedure, secs. 2869, 2876.*

APPEAL from a judgment of the Dutchess County Court, affirming a judgment rendered in a Justices' Court.

On the return day of the summons in the Justices' Court the defendant appeared specially and objected to the jurisdiction of the justice. The objection was overruled and defendant excepted:

The plaintiff was a non-resident at the time the action was commenced, and there was no proof in the case that the defendant lived in the town in which the action was brought, or in an adjoining town, or that plaintiff or his attorney was in the town in which the action was brought at the time of the commencement thereof.

The General Term, after considering and sustaining certain objections taken by the appellant, said: "There is no basis for the argument against the jurisdiction of the justice by reason of the non-residence of the plaintiff. Under the Revised Statutes a non-resident could sue in any town in the county where such plaintiff 'may be.' A commencement of a suit was then the delivery of the summons to a constable for service. By the Code the suit can be brought before a justice by a non-resident in any town where such non-resident or his attorney 'is at the time of the commencement of the action.' (Sec. 2869, sub. 2.) This would clearly leave the law as it was held to be in *Hunter* v. *Burtis* (10 Wend., 359); but for section 2876, which provides that the action is commenced before a justice by the 'service of a summons.' It is claimed that the attorney must wait in the town where the summons was issued until it is served, to give a justice jurisdiction.

"We think the legislature did not intend by these two sections (2869 and 2876) to impose any necessity for the personal attendance either of the non-resident or his attorney before the justice at the issuing of the summons, or that either of them should be there when the summons was served. A non-resident may sue anywhere in the county of the defendant's residence."

*Wm. I. Thorn,* for the appellant.

*R. & S. Baker,* for the respondent.

Opinion by BARNARD, P. J.; GILBERT and DYKMAN, JJ., concurred.

Judgment of County Court and of the justice reversed, with costs.